**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| OKLAHOMA FARM BUREAU MUTAL INSURANCE COMPANY AS SUBROGEE, OF MICHEL DIEL )<br>*Plaintiffs*, )<br>)<br>v. )<br>)<br>OMEGA FLEX, INC., )<br>)<br>Defendant. ) | Case No.CIV-22-18-D<br><br>Removed from the District Court<br>Garfield County, Oklahoma<br>Case No. CJ-2021-254-02<br><br><br><br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT OMEGA FLEX, INC.'S**
**AMENDED ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Omega Flex, Inc. ("Omega Flex"), by and through undersigned counsel, hereby submits this Amended Answer and Affirmative Defenses to Plaintiff's Complaint filed on December 17, 2021.

**ANSWER**

1. Omega Flex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2. Omega Flex admits the allegations contained in Paragraph 2.

3. Omega Flex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3. As such, Omega Flex denies this allegation.

4. Omega Flex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4. As such, Omega Flex denies this allegation.

5.     Omega Flex admits that corrugated stainless steel tubing ("CSST") was generally manufactured and placed into the stream of commerce by Omega Flex, Inc. and denies the remainder of the allegations in Paragraph 5.

6.     Omega Flex denies the allegations contained in Paragraph 6.

7.     Omega Flex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7. As such, Omega Flex denies this allegation.

8.     Omega Flex is denies the allegations contained in Paragraph 8.

9.     Omega Flex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9. As such, Omega Flex denies this allegation.

10.     Omega Flex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10.

WHEREFORE, Omega Flex denies that Plaintiff is entitled to judgment against it and denies that Plaintiff is entitled to any damages, costs, or any other relief whatsoever.

## AMENDED AFFIRMATIVE DEFENSES

Defendant Omega Flex, Inc. ("Omega Flex"), by and through undersigned counsel, hereby asserts its Affirmative Defenses to the Complaint as follows:

### FIRST AFFIRMATIVE DEFENSE:

Although Defendant denies that any of its acts or omissions caused the damages alleged by the Plaintiff, to the extent any damage was caused by Defendant's product, Plaintiff's alleged damages, if any, were caused by unforeseeable, independent,

intervening, and superseding acts or omissions of persons or entities other than Defendant for which Defendant is not legally responsible. Specifically, a third party failed to exercise reasonable care in the installation of the Defendant's product by: (1) failing to adhere to the product's Design Guide and Installation Instructions; (2) failing to follow local codes regarding bonding and grounding of CSST; and (3) failing to bond and ground the CSST in accordance with the National Fuel Gas Code and the National Electric Code.

### SECOND AFFIRMATIVE DEFENSE:

Although Defendant denies that any of its acts or omissions caused the damages alleged by the Plaintiff, to the extent any damage was caused by Defendant's product, Plaintiff's alleged damages, if any, were caused by the unintended and unforeseeable misuse of the product at issue for which Defendant is not legally responsible. Specifically, a third party failed to exercise reasonable care in the installation of the Defendant's product by: (1) failing to adhere to the product's Design Guide and Installation Instructions; (2) failing to follow local codes regarding bonding and grounding of CSST; and (3) failing to bond and ground the CSST in accordance with the National Fuel Gas Code and the National Electric Code.

### THIRD AFFIRMATIVE DEFENSE:

Plaintiffs may not recover any damages as all damages claimed were due to an unforeseen Act of God. Specifically, the alleged lightning strike, if any, in the vicinity of the Plaintiff's residence was a force of nature that was the sole cause of the Plaintiff's damage and thus was not caused by any act or omission of Defendant.

**FOURTH AFFIRMATIVE DEFENSE:**

Plaintiff's claims are barred, in whole or in part, by the economic loss doctrine.

**FIFTH AFFIRMATIVE DEFENSE:**

Plaintiff's alleged injuries or damages, if any, were solely caused by pre-existing or subsequent conditions unrelated to the product at issue in this case.

**SIXTH AFFIRMATIVE DEFENSE:**

At all times relevant to the Complaint, Defendant's products conformed with the generally recognized state of the art at the time the product was designed, manufactured, sold, distributed, packed and/or labeled.

**SEVENTH AFFIRMATIVE DEFENSE:**

At all times relevant to the Complaint, Defendant's products complied with the recognized prevailing industry standards and with the federal and state laws, statutes, regulations, or standards governing the sale and distribution of such products.

**EIGHTH AFFIRMATIVE DEFENSE:**

Plaintiff's claims against Defendant are barred, in whole or in part, because the damages suffered by Plaintiff, if any, were caused by third parties who were not subject to Defendant's control.

**NINTH AFFIRMATIVE DEFENSE**:

Plaintiff's claims are barred by disclaimers, conspicuous and in writing in Defendant's Design Guide and Installation Instructions. *See* Okl.St.Ann. Sec. 12A-2-316.

**TENTH AFFIRMATIVE DEFENSE:**

Defendant owed Plaintiff of Plaintiff's insured no post-sale duty to warn or recall.

## ELEVENTH AFFIRMATIVE DEFENSE:

Plaintiff's claims are barred by the operative statute of limitations and statute of repose.

## TWELVTH AFFIRMATIVE DEFENSE:

Plaintiff's claims and/or damages are barred in whole or in part due to Plaintiff's spoliation of evidence, namely, by demolishing the Diel's home without providing notice and/or an opportunity to inspect to Omega Flex to determine the extent of the damage in the home at a time when Plaintiff knew or reasonably should have known that the condition of the home was relevant to existing and/or imminent litigation.

## RESERVATION OF RIGHTS TO SUPPLEMENT AMENDED AFFIRMATIVE DEFENSES

Omega Flex hereby gives notice that it may rely on other affirmative defenses or special defenses that may become available or apparent during the course of discovery, and, thus, reserves the right to further amend or supplement these pleadings.

## PRAYER FOR RELIEF

WHEREFORE, Omega Flex demands judgment as follows:

A.      That Plaintiff stakes nothing by the Complaint, and that the Complaint be dismissed with prejudice;

B.      That judgment be entered in favor of Omega Flex;

C.      That appropriate sanctions be imposed for Plaintiff's spoliation of evidence;

D.      For costs of the suit incurred herein; and

E.       For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Omega Flex demands trial by jury.

Respectfully submitted this 29th day of March, 2023.

**GORDON REES
SCULLY MANSUKHANI LLP**
*/s/ Adam M. Masin*
Adam M. Masin
95 Glastonbury Blvd., Suite 206
Glastonbury, CT 06033
860-494-7542 (Telephone)
(860) 560-0185 (Facsimile)
amasin@grsm.com
**ATTORNEYS FOR DEFENDANT,
OMEGA FLEX, INC.**

**CERTIFICATE OF SERVICE**

   I hereby certify that on March 29, 2023, a copy of the foregoing document was filed electronically with the Clerk of the Court using the Court's CM/ECF electronic filing system, which will send an electronic copy of this filing to all counsel of record.

*Via Eservice*
W.R. Cathcart
Cathcart & Dooley
2807 Classen Boulevard
Oklahoma City, Oklahoma 73106
Phone: 405-524-1110
Fax: 405-524-4143
bcathcart@cathcartdooley.com


              */s/ Adam M. Masin*
              Adam M. Masin