**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| OKLAHOMA FARM BUREAU MUTUAL INSURANCE COMPANY AS SUBROGEE OF MICHAEL DIEL | ) ) ) | Case No. Civ-22-18-D |
| | ) | |
| Plaintiffs, | ) ) | Removed from the District Court Garfield County, Oklahoma |
| v. | ) | Case No. CJ-2021-254-02 |
| | ) | |
| OMEGA FLEX, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION AND MEMORANDUM OF LAW REQUESTING AN ORDER STRIKING PLAINTIFF'S FINAL EXHIBIT LIST AND WITNESS LIST**

Defendant Omega Flex, Inc. ("Omega Flex"), by their undersigned counsel, pursuant to the Court's April 3, 2023 Amended Scheduling Order (Doc. 23), Fed R. Civ. P. 26, and LCvR 43.1, respectfully submits this Motion to Strike Plaintiff's Final Exhibit List and Final Witness List, and to preclude all exhibits and witnesses not timely and properly disclosed. As discussed herein, Plaintiff's Final Exhibit List is wholly inadequate to put Omega Flex on fair notice of the content of Plaintiff's proposed trial exhibits, does not comply with Rule 26, and unfairly prejudices Omega Flex by denying Omega Flex a fair opportunity to prepare for trial and to prepare its defenses. Plaintiff's Witness list suffers from the same flaws. Accordingly, Omega Flex requests that the Court enter the relief requested herein.

**FACTUAL BACKGROUND**

Pursuant to this Court's April 3, 2023 Order (Doc. 23), Plaintiff's deadline for filing its Final Exhibit List and Final Witness List was June 17, 2023. Plaintiff filed its Final Exhibit List (Doc. 24) on June 20, 2023, and filed its Final Witness List (Doc. 25) on June 20, 2023.

Plaintiff's Final Exhibit List contains 43 enumerated "Exhibits." ***Zero*** items on this list

1

identify the putative exhibit with Bates numbers, by date, or manner produced (many appear never to have been produced), by physical locations (such as media contained in or page numbers) or other specific information that might enable Omega Flex to ascertain with certainty which particular documents or items are referenced or contained within any putative Exhibit. *See* **Exhibit A** (Omega Flex's Objections to Plaintiff's Final Exhibit List, dated 6/30/2023). Plaintiff's Final Exhibit List also fails to indicate, as Rule 26 requires, whether any putative Exhibit listed is one that Plaintiff expects to utilize, or whether it is an Exhibit that Plaintiff may offer only if the need arises. Plaintiff's Final Witness List also fails to identify which witnesses are expected to testify at trial or any information identifying the depositions sought to be introduced in lieu of their live testimony.

The same day Omega Flex received the Final Exhibit List and Final Witness List, Omega Flex's counsel wrote to Plaintiff's counsel to object to them for these reasons and to request in good faith that Plaintiff provide adequate and compliant disclosures by June 23, 2023. *See* **Exhibit B** (Email from C. Guilmartin, Esq. to W. Cathcart, Esq., dated 6/20/2023). On June 22, 2023, in a further attempt to resolve this issue, the parties' counsel held a phone call where Omega Flex's counsel raised these same issues. As of this filing, more than two weeks after its deadline, Plaintiff has never filed an Amended Final Exhibit List.

Instead, on June 27, 2023, Plaintiff sent Omega Flex a letter. *See* **Exhibit C** (the "Letter"). Plaintiff's Letter repeats the exact same 43 items listed in its Final Exhibit List and adds a "Comment" column which adds a comment for only 17 of the 43 items listed. As Omega Flex's objections in Exhibit A more fully describe, in most instances the "comment" only makes the lack of clarity worse. Four comments are simply: "No exhibit," which might mean the Exhibit is being removed or might mean something else. Two comments refer to an "Evidence

Log" that is not itself listed as an Exhibit or otherwise specified.  Other comments refer to an Exhibit as contained within a potential witness's "file," but the "file" itself is not listed as an Exhibit of otherwise identified with specificity.  Out of 43 Exhibits, the Letter only identifies three Exhibits with Bates numbers.  Plaintiff's Letter did not address any of the other deficiencies, including its failure to comply with Rule 26.

Plaintiff's Final Witness List, which has not been updated, is similarly deficient.  There is no indication as to which witnesses will be called at trial, or which may be called if the need arises.  It does not include adequate summaries of what each witness' proposed testimony will be.  Further, several of the witnesses on the list are described as being "deposed" but the deposition transcripts for some of these witnesses were not produced during discovery and no transcripts were otherwise identified by caption, date, or any other way.

## ARGUMENT

### I.    APPLICABLE LAW

Under Federal Rule of Civil Procedure 26(a)(1), a party must promptly disclose all documents it may use to support its claims at trial.  *See* FED R. CIV. P.. 26(a)(1)(A)(ii).  Under Rule 26(a)(2), a party must promptly disclose any exhibits it intends to use to support their experts' testimony at trial. *See* FED. R. CIV. P.  26(a)(2)(B)(iii).   Rule 26(a)(3) mandates "an identification of each document or other exhibit, including summaries of other evidence – separately identifying those items the party expects to offer and those it may offer if the need arises." FED. R. CIV. P. 26(a)(3)(A)(iii).  In addition to requiring the provision of providing specific exhibit information, Rule 26 also directs parties to disclose "the name and . . . the address and telephone number of each witness – separately identifying those the party expects to present and those it may call if the need arises."  FED R. CIV. P. 26(a)(3)(A)(i).  Should a party

wish to present witness testimony by deposition, they must designate those witnesses and transcripts. FED R. CIV. P. 26(a)(3)(A)(ii).

The purpose of Rule 26(a) is to prevent surprise and to allow the opposing party to meaningfully prepare for trial. *See* FED R. CIV. P. 26, Advisory Committee's Note (1993); *McHugh v. Olympia Ent., Inc.*, 37 F. App'x 730, 735 (6th Cir. 2002) ("Rule 26 must be read in light of its dual purposes of narrowing the issues and eliminating surprise."). Likewise, "the purpose of [Fed. R. Civ. P.] 16 is to expedite litigation and prevent surprise during trial. Pretrial identification of witnesses as well as pretrial production of documentary evidence accomplishes this purpose." *Morris v. Berry*, No. CIV-11-456-W, 2012 WL 13168469, at *1 (W.D. Okla. May 8, 2012) (noting "[a] party's disclosure of witnesses and exhibits in accordance with the Court's Scheduling Order gives counsel for the opposing party the opportunity [] to assert meaningful objections before trial"). Pursuant to this Court's April 3, 2023 Scheduling Order (Doc. 23), Plaintiff's deadline for filing their Final Exhibit List and Final Witness List was June 17, 2023.

Rule 37(c) of the Federal Rules of Civil Procedure provides that if a party fails to provide information as required by Rule 26, the party is not allowed to use that information unless the failure was substantially justified or is harmless. FED R. CIV. P 37(c)(1). In considering whether a sanction is appropriate, the court considers: (i) the prejudice or surprise to the party entitled to receive the disclosures; (ii) the ability of that party to cure such prejudice, (iii) the extent to which allowing the undisclosed evidence would disrupt the trial; and (iv) the disclosing party's bad faith or willfulness. *See Woodworker's Supply, Inc v. Principal Mut. Life Ins. Co.*, 170 F.3d.985, 993 (10th Cir. 1999); *Meltzner v. Anthem Ins. Co., Inc.*, 2019 WL 2291472, *2 (W.D. Okla. May 29, 2019). Sanctions imposed pursuant to Rule 16(f) are also "designed to punish

noncompliance with pretrial orders." *Olcott v. Delaware Flood Co*., 76 F.3d 1538, 1555-56 (10th Cir. 1996).

## II.    Plaintiff's Final Exhibit List Should be Stricken And Improperly Identified Exhibits Precluded

Plaintiff's Final Exhibit List should be stricken, and their putative Exhibits precluded, because the "exhibit descriptions are impermissibly broad, and Plaintiff does not differentiate between which exhibits she expects to use at trial and which exhibits she expects to use at trial only if a need arises for them." *Meltzner*, 2019 WL 2291472, at *1 (granting motion to strike exhibit list that movant argued "contain[ed] many improper and inadmissible 'exhibits' that are overly broad compilation of vague, confusing, and unspecified documents.").

Many courts, including *Meltzner*, have recognized the facial inadequacy of the type of "Exhibit List" that Plaintiff provided here. *See, e.g., Murphy v. Precise*, No. 1:16-CV-0143-SLB-DAB, 2017 WL 6033063, at *4 (M.D. Ala. Dec. 1, 2017) ("composite exhibits and catch all phrases" do not satisfy the requirements of Rule 26(a)(3)(A)(iii)); *Sentry Ins. a Mut. Co. v. Brand Mgmt. Inc.,* No. 10CIV347ENVRLM, 2016 WL 11430443, at *2 (E.D.N.Y. May 18, 2016) (a "vague title…is not sufficient to put plaintiff on notice of what documents constitute that exhibit"); *Summer Crump v. Tcoombs & Assocs.*, LLC, No. 2:13CV707, 2016 WL 7076943, at *2 (E.D. Va. Feb. 12, 2016)  (granting motion to strike exhibits where "broad and unspecific reservations made during pretrial disclosures are insufficient to appropriately identify" the exhibits); *Blanco v. Capform, Inc.,* No. 11-23508-CIV, 2013 WL 12061862, at *1 (S.D. Fla. Jan. 9, 2013) ("Capform's exhibit list contains composite exhibits and catch all phrases in violation of Rule 26(a)(3)(A)(iii)"); *Med. Ctr. of Cent. Georgia, Inc. v. Denon Digital Employee Benefits Plan*, No. 5:03CV32 (DF), 2005 WL 1073624, *8 (M.D. Ga. May 4, 2005) ("such description

must be sufficient to put [the opposing party] on notice of exactly which documents [she] can expect to see at trial.").

Plaintiff's Final Exhibit List fails to identify exhibits with the specificity necessary to put Omega Flex (or the Court) on fair notice of the specific content of the exhibit, and fails to separately identify which of the 43 listed exhibits Plaintiffs intend to use at trial and which that they anticipate may be used to only if the necessary. This is violates Rule 26(a)(3) on its face, and Plaintiff's letter did not even attempt to remedy this. *Meltzner*, 2019 WL 2291472, at *1. The lack of specificity is also problematic because "[t]he court does not allow the listing of 'bulk' exhibits as this leads to confusion and the risk of cumulative or irrelevant material being included as an exhibit." *See .Jones v. SSM Mission Hill Corp.*, No. CIV-00-2037-L, 2001 WL 36113666, at *1 (W.D. Okla. Sept 7, 2001); *Duncanson v. Wine and Canvas IP Holdings LLC*, No 1:16-cv-00788-SEB-DML, 2017 WL 6994543, at *1 (S.D. Ind. Oct. 30, 2017) ("in many cases it is virtually impossible [t]o identify the documents being referenced…the [producing party] must reference by bates number the subject documents or provide some other means for the plaintiff to be able to identify the documents").

Plaintiff's failure to comply with Rule 26 unfairly prejudices Omega Flex because Omega Flex is unable to fully prepare for trial without knowledge as to the exact content of Plaintiff's Exhibits or which exhibits Plaintiff actually intends to use at trial and which exhibits are only intended to be used if the need arises. This alone is sufficient to justify the striking of Defendant's exhibit list. *See, e.g. Blanco v. Capform, Inc.*, Case No. 11-23508-CIV-Cooke, 2013 WL 1206186, at *1 (S.D. Fla. Jan. 9, 2013).  Further, Omega Flex's Final Exhibit List and Final Witness List are due on July 3, 2023 (July 1 is a Saturday), which is two weeks after Plaintiff was supposed to file an adequate Final Exhibit List.  Because of Plaintiff's noncompliance,

Omega Flex is forced to file a complete Final Exhibit List first, before it has certainty as to the content of Plaintiff's actual Exhibits. That is backwards, that is not how the Scheduling Order works, and that timing unfairly prejudices Omega Flex's ability as the defendant to prepare for dispositive motions due on July 18, 2023.

Omega Flex made good faith efforts to resolve these issues without seeking the Court's intervention. Plaintiff's slapdash Letter—which continues to ignore Rule 26 and only makes things more confusing—does not reflect a serious or good faith effort to respond to these issues. Accordingly, the Court should strike Plaintiff's Final Exhibit List and preclude Plaintiff from introducing exhibits that were not properly disclosed within the deadline set by the Court's Scheduling Order. In that regard, Omega Flex concedes that the items listed as numbers 4 (Bates numbers provided in letter), 5 (Bates numbers provided in letter), 6 (Bates numbers provided in letter) and 37 (an Omega Flex document identified by date) have been adequately disclosed and should constitute the entirety of Plaintiff's refiled Amended Final Exhibit List.

**III.    Plaintiff's Final Witness List Should Be Stricken and Any Improperly Disclosed Witness Excluded**

Plaintiffs' Final Witness List also does not comply with Rule 26, LCvR 43.1, and this Court's April 3, 2023 Order. First, the Final Witness List fails to adequately identify which of the 19 witnesses listed they plan to call at trial and which witnesses they may call if necessary. This violates of Rule 26 on its face which requires that such information be identified. *See* FED R. CIV. P. 26(a)(3)(A)(i). By not including this information, Defendant's counsel is prejudiced in its trial preparation because it is unable to determine which witnesses will testify at trial live and which require counsel to adequately prepare to cross-examine in court.

Plaintiff's failure to identify which witnesses it intends to call live is especially problematic because witnesses 11-19 on the list are not Plaintiff's subrogee, employees,

representative, or putative experts.  Witnesses 11 and 12, who are not identified by name, presumably work for non-party companies who have not had a deposition taken.  Witnesses 14-19 are current or former Omega Flex employees.  Rule 26 requires Plaintiff to inform Omega Flex if it intends to call these witnesses live somehow, or if Plaintiff is relying on prior deposition testimony.

Second, as noted, Plaintiff has only provided *placeholders* for three witnesses. Specifically, witness 10 is listed as "CRDN of Oklahoma Representative," witness 11 is listed as "ProClean Property & Maintenance Restoration Representative, and witness 12 is listed as "EnField Demolition and Excavation LLC."  Doc. 25.  None of these witness entries identifies a specific individual, and no individuals meeting these descriptions have been deposed in this case so there is no way for Omega Flex to identify these individuals with certainty.  Per this Court's April 3, 2023, discovery concluded on July 18, 2023, which was two days before Plaintiffs submitted their Final Witness List.  Accordingly, Omega Flex can no longer issue demands or interrogatories to ascertain the identity of the unnamed witnesses.  *Meltzner*, 2019 WL 2348307, *1.  Because the witnesses were not and have not been identified, Omega Flex is hampered in its efforts to adequately prepare for their potential testimony at trial.  *See Wilkins v. KMART Corp.*, 487 F.Supp.2d 1216, 1224 (D. Kan. 2007).

Plaintiff has not even made a half-hearted effort to address these issues.  Once again—as the Court may recall Plaintiff tried to do with expert discovery also--Plaintiff's conduct indicates that it wants to do things in reverse: fail to live up to its responsibilities, force Omega Flex to comply the right way first, then once it has obtained the unfair benefit of flipping the order of things, seek to correct itself.  In this instance, Plaintiff's failure to do what it is supposed to do the right way within the Court's deadline unfairly prejudiced Omega Flex by denying Omega

Flex information it was entitled to have weeks ago, and gives Omega Flex and its counsel less time to prepare for its defense and prepare its own pre-trial filings and to prepare for trial.

Accordingly, Omega Flex requests that the Court order Plaintiff's Final Witness List stricken and that all improperly disclosed witnesses should be precluded.  In seeking this relief, Omega Flex requests that witnesses 10-19 be precluded from testifying and concedes only that witnesses 1-9 would be adequately disclosed in a re-filed Amended Final Witness List provided that Plaintiff indicates if it intends to call the witness live or rely on a deposition.

## <u>CONCLUSION</u>

WHEREFORE, for the foregoing reasons and in accordance with Federal Rules of Civil Procedure 26, 16, and 37, and this Court's April 3, 2023 Scheduling Order, this Court should strike Plaintiffs'' Final Exhibit List and Plaintiff's Final Witness list, and preclude Plaintiff from introducing any improperly disclosed exhibits or witnesses at trial

Dated:  June 30, 2023                    Respectfully submitted,

                                         THE DEFENDANT,
                                         OMEGA FLEX, INC.

                                         By:    */s/ Adam M. Masin*
                                              Adam M. Masin
                                              GORDON & REES LLP
                                              95 Glastonbury Blvd., Suite 206
                                              Glastonbury, CT 06033
                                              (860) 494-7542
                                              (860) 560-0185 (fax)
                                              Email: amasin@grsm.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2023, a copy of the foregoing document was filed electronically with the Clerk of the Court using the Court's CM/ECF electronic filing system, which will send an electronic copy of this filing to all counsel of record.

*Via Eservice*
W.R. Cathcart, Esq.
Cathcart & Dooley
2807 Classen Boulevard
Oklahoma City, Oklahoma 73106
Phone: 405-524-1110
Fax: 405-524-4143
bcathcart@cathcartdooley.com
*Counsel for Plaintiff, Oklahoma Farm Bureau Mutual*
*Insurance Company as Subrogee, of Michael Diel*


By: */s/ Adam M. Masin*
       Adam M. Masin