**<u>EXHIBIT A</u>**

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| OKLAHOMA FARM BUREAU MUTUAL | ) | |
| INSURANCE COMPANY AS | ) | |
| SUBROGEE OF MICHAEL DIEL | ) | CASE NO.: CIV-22-18-D |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| OMEGA FLEX, INC. | ) | |
| | ) | JUNE 30, 2023 |
| Defendant. | ) | |
| | ) | |

### OMEGA FLEX, INC.'S OBJECTIONS TO PLAINTIFF'S FINAL EXHIBIT LIST

Defendant Omega Flex, Inc. ("Omega Flex") hereby submits its objections to Plaintiff's Final Exhibit List dated June 20, 2023 [Docket No. 24].[1] Omega Flex is separately moving for an Order striking Plaintiff's Final Exhibit List because it violates Fed. R. Civ. P. 26(a)(3)(A)(iii), the Court's Scheduling Order, and LCv.R 43.1. *See Meltzner v. Anthem Ins. Companies, Inc.*, No. CIV-17-1023-SLP, 2019 WL 2291472, at *1 (W.D. Okla. May 29, 2019). In addition to the specific objections made herein, Omega Flex reserves the right within the appropriate deadlines to

---

[1] Upon receipt of Plaintiff's Final Exhibit List, Omega Flex promptly emailed and called Plaintiff's counsel to discuss the facial inadequacies with its list. On June 27, 2023, Plaintiff's counsel emailed Defendant's counsel a letter purporting to provide "more specific information regarding Plaintiff's exhibits" than was provided in the document filed as Docket No. 24. *See* **Exhibit A,** attached hereto (the "Letter"). Plaintiff does not appear to have filed their June 27, 2023 letter or an amended Final Exhibit List, however, so the only operative filed Final Exhibit List remains at Docket No. 24. Plaintiff's Final Exhibit List containing 43-enumerated descriptions and the Letter's 43 "Exhibit Descriptions" are identical.

Plaintiff's Letter adds a "Comment" column which adds a comment for only 17 of the 43 items listed. As Omega Flex's objections and Motion to Strike argue, Plaintiff's Final Exhibit List severely prejudices Omega Flex in its preparation for trial because it is wholly inadequate to properly put Omega Flex on notice of the content of the listed Exhibits, and in many instances Plaintiff's new "comment" only makes the lack of clarity worse. To the extent an objection herein is based on a "comment" in the Letter, that objection will be noted with a *.

file dispositive motions, motions pursuant to Fed. R. Evid. 702, and motions *in limine* that seek to

exclude and/or limit Plaintiff's Proposed Exhibits for the reasons address in those motions.

| Plaintiff's Proposed Exhibit # | Description of Exhibit | Omega Flex Objection |
|---|---|---|
| 1 | Photographs taken by Curtis Ozment | Omega Flex objects as this proposed exhibit was improperly disclosed pursuant to Fed. R. Civ. P. 26(a)(3)(A)(iii), the Court's Scheduling Order, and LCv.R 43.1.<br><br>Omega Flex objects that that the comment in the Letter "Contained within Ozment's file" is inadequate to identify the content of the Exhibit.*<br><br>Omega Flex objects to lack of foundation pursuant to Fed. R. Civ. P. 901.<br><br>Without further identification, Omega Flex objects to the admissibility of these documents pursuant to Fed. R. Evid. 402 and 403.<br><br>Omega Flex objects to the extent this exhibit relates to putative testimony that is beyond the scope of any disclosed, admissible expert opinions pursuant to Fed. R. Civ. P. 26(a)(2).<br><br>Omega Flex cannot specifically state further objections because Plaintiff did not specifically identify the exhibit(s) it is proposing. Omega Flex expressly preserves all objections to all non-stricken Plaintiff's Exhibits if Plaintiff properly identifies them. |
| 2 | Photographs taken by Mark Hergenrether | Omega Flex objects as this proposed exhibit was improperly disclosed pursuant to Fed. R. Civ. P. 26(a)(3)(A)(iii), the Court's Scheduling Order, and LCv.R 43.1.<br><br>Omega Flex objects that that the comment in the Letter "Contained within Hergenrether's file" is inadequate to identify the content of the Exhibit.*<br><br>Omega Flex objects as the disclosure fails to comply with both LCvR43.1 and Federal Rule of Civil Procedure 26. |

| | | |
|---|---|---|
| | | Omega Flex objects to lack of foundation pursuant to Fed. R. Civ. P. 901.<br><br>Without further identification, Omega Flex objects to the admissibility of these documents pursuant to Fed. R. Evid. 402 and 403.<br><br>Omega Flex objects to the extent this exhibit relates to putative testimony that is beyond the scope of any disclosed, admissible expert opinions pursuant to Fed. R. Civ. P. 26(a)(2).<br><br>Omega Flex cannot specifically state further objections because Plaintiff did not specifically identify the exhibit(s) it is proposing. Omega Flex expressly preserves all objections to all non-stricken Plaintiff's Exhibits if Plaintiff properly identifies them. |
| 3 | Photographs taken by Kelly Colwell | Omega Flex objects as this proposed exhibit was improperly disclosed pursuant to Fed. R. Civ. P. 26(a)(3)(A)(iii), the Court's Scheduling Order, and LCv.R 43.1.<br><br>Omega Flex objects that the comment in the Letter "Contained within Colwell's file" is inadequate to identify the content of the Exhibit.*<br><br>Omega Flex objects to lack of foundation pursuant to Fed. R. Evid. 901.<br><br>Without further identification, Omega Flex objects to the admissibility of these documents pursuant to Fed. R. Evid. 402 and 403.<br><br>Omega Flex objects to the extent this exhibit relates to putative testimony that is beyond the scope of any disclosed, admissible expert opinions pursuant to Fed. R. Civ. P. 26(a)(2).<br><br>Omega Flex cannot specifically state further objections because Plaintiff did not specifically identify the exhibit(s) it is proposing. Omega Flex expressly preserves all objections to all non-stricken Plaintiff's Exhibits if Plaintiff properly identifies them. |

| 4 | Photographs taken by Allan Jobe | Omega Flex objects as this proposed exhibit was improperly disclosed pursuant to Fed. R. Civ. P. 26(a)(3)(A)(iii), the Court's Scheduling Order, and LCv.R 43.1.<br><br>Omega Flex objects to lack of foundation pursuant to Fed. R. Evid. 901.<br><br>Without further identification, Omega Flex objects to the admissibility of these documents pursuant to Fed. R. Evid. 402 and 403.<br><br>Omega Flex objects to the extent this exhibit relates to putative testimony that is beyond the scope of any disclosed, admissible expert opinions pursuant to Fed. R. Civ. P. 26(a)(2).<br><br>Omega Flex cannot specifically state further objections because Plaintiff did not specifically identify the exhibit(s) it is proposing. Omega Flex expressly preserves all objections to all non-stricken Plaintiff's Exhibits if Plaintiff properly identifies them. |
| 5 | Photographs taken by Derrick Clark | Omega Flex objects as this proposed exhibit was improperly disclosed pursuant to Fed. R. Civ. P. 26(a)(3)(A)(iii), the Court's Scheduling Order, and LCv.R 43.1.<br><br>Omega Flex objects to lack of foundation pursuant to Fed. R. Evid. 901.<br><br>Without further identification, Omega Flex objects to the admissibility of these documents pursuant to Fed. R. Evid. 402 and 403.<br><br>Omega Flex objects to the extent this exhibit relates to putative testimony that is beyond the scope of any disclosed, admissible expert opinions pursuant to Fed. R. Civ. P. 26(a)(2).<br><br>Omega Flex cannot specifically state further objections because Plaintiff did not specifically identify the exhibit(s) it is proposing. Omega Flex expressly preserves all objections to all non-stricken Plaintiff's Exhibits if Plaintiff properly identifies them. |

| 6 | Photographs taken by Todd DeSmet | Omega Flex objects as this proposed exhibit was improperly disclosed pursuant to Fed. R. Civ. P. 26(a)(3)(A)(iii), the Court's Scheduling Order, and LCv.R 43.1.<br><br>Omega Flex objects to lack of foundation pursuant to Fed. R. Evid. 901.<br><br>Without further identification, Omega Flex objects to the admissibility of these documents pursuant to Fed. R. Evid. 402 and 403.<br><br>Omega Flex objects to the extent this exhibit relates to putative testimony that is beyond the scope of any disclosed, admissible expert opinions pursuant to Fed. R. Civ. P. 26(a)(2).<br><br>Omega Flex cannot specifically state further objections because Plaintiff did not specifically identify the exhibit(s) it is proposing. Omega Flex expressly preserves all objections to all non-stricken Plaintiff's Exhibits if Plaintiff properly identifies them. |
| 7 | Photographs taken by Elizabeth Buc | Omega Flex objects as this proposed exhibit was improperly disclosed pursuant to Fed. R. Civ. P. 26(a)(3)(A)(iii), the Court's Scheduling Order, and LCv.R 43.1.<br><br>Omega Flex objects that the comment in the Letter "Contained within Buc's file" is inadequate to identify the content of the Exhibit.*<br><br>Omega Flex objects to lack of foundation pursuant to Fed. R. Evid. 901.<br><br>Without further identification, Omega Flex objects to the admissibility of these documents pursuant to Fed. R. Evid. 402 and 403.<br><br>Omega Flex objects to the extent this exhibit relates to putative testimony that is beyond the scope of any disclosed, admissible expert opinions pursuant to Fed. R. Civ. P. 26(a)(2).<br><br>Omega Flex cannot specifically state further objections because Plaintiff did not specifically identify the |

| | | |
|---|---|---|
| | | exhibit(s) it is proposing. Omega Flex expressly preserves all objections to all non-stricken Plaintiff's Exhibits if Plaintiff properly identifies them. |
| 8 | Artifacts taken from the fire scene | Omega Flex objects as this proposed exhibit was improperly disclosed pursuant to Fed. R. Civ. P. 26(a)(3)(A)(iii), the Court's Scheduling Order, and LCv.R 43.1.

Omega Flex objects that the comment in the Letter "Listed on Evidence Log" is inadequate to identify the content of the Exhibit, particularly as no "Evidence Log" is listed or properly identified as an Exhibit.*

Omega Flex objects to lack of foundation pursuant to Fed. R. Evid. 901.

Without further identification, Omega Flex objects to the admissibility of this exhibit pursuant to Fed. R. Evid. 402 and 403.

Omega Flex objects to the extent this exhibit relates to putative testimony that is beyond the scope of any disclosed, admissible expert opinions pursuant to Fed. R. Civ. P. 26(a)(2).

Omega Flex cannot specifically state further objections because Plaintiff did not specifically identify the exhibit(s) it is proposing. Omega Flex expressly preserves all objections to all non-stricken Plaintiff's Exhibits if Plaintiff properly identifies them. |
| 9 | Section of subject Trac Pipe CSST | Omega Flex objects as this proposed exhibit was improperly disclosed pursuant to Fed. R. Civ. P. 26(a)(3)(A)(iii), the Court's Scheduling Order, and LCv.R 43.1.

Omega Flex objects that the comment in the Letter "2" section taken from artifacts" is inadequate to identify the content of the Exhibit.  If this cross-references the "artifacts" from Exhibit 8, then the same objection applies because "Evidence Log" is not listed or properly identified as an Exhibit.*

Omega Flex objects to lack of foundation pursuant to Fed. R. Evid. 901. |

| | | |
|---|---|---|
| | | Without further identification, Omega Flex objects to the admissibility of this exhibit pursuant to Fed. R. Evid. 402 and 403.<br><br>Omega Flex objects to the extent this exhibit relates to putative testimony that is beyond the scope of any disclosed, admissible expert opinions pursuant to Fed. R. Civ. P. 26(a)(2).<br><br>Omega Flex cannot specifically state further objections because Plaintiff did not specifically identify the exhibit(s) it is proposing. Omega Flex expressly preserves all objections to all non-stricken Plaintiff's Exhibits if Plaintiff properly identifies them. |
| 10 | Exemplar section of Trac Pipe CSST | Omega Flex objects as this proposed exhibit was improperly disclosed pursuant to Fed. R. Civ. P. 26(a)(3)(A)(iii), the Court's Scheduling Order, and LCv.R 43.1.<br><br>The Letter's comment is "No exhibit." If Plaintiff is withdrawing this Exhibit then it should say so clearly or remove it from its formal list. If this means something else, then all objections herein apply.*<br><br>Omega Flex objects to lack of foundation pursuant to Fed. R. Evid. 901.<br><br>Without further identification, Omega Flex objects to the admissibility of this exhibit pursuant to Fed. R. Evid. 402 and 403.<br><br>Omega Flex objects to the extent this exhibit relates to putative testimony that is beyond the scope of any disclosed, admissible expert opinions pursuant to Fed. R. Civ. P. 26(a)(2).<br><br>Omega Flex cannot specifically state further objections because Plaintiff did not specifically identify the exhibit(s) it is proposing. Omega Flex expressly preserves all objections to all non-stricken Plaintiff's Exhibits if Plaintiff properly identifies them. |
| 11 | Aerial photographs of the Diel property | Omega Flex objects as this proposed exhibit was improperly disclosed pursuant to Fed. R. Civ. P. |

| | | 26(a)(3)(A)(iii), the Court's Scheduling Order, and LCv.R 43.1. |
|---|---|---|
| | | The Letter's comment is "No exhibit."  If Plaintiff is withdrawing this Exhibit then it should say so clearly or remove it from its formal list.  If this means something else, then all objections herein apply.* |
| | | Omega Flex objects to lack of foundation pursuant to Fed. R. Evid. 901. |
| | | Without further identification, Omega Flex objects to the admissibility of this exhibit pursuant to Fed. R. Evid. 402 and 403. |
| | | Omega Flex objects to the extent this exhibit relates to putative testimony that is beyond the scope of any disclosed, admissible expert opinions pursuant to Fed. R. Civ. P. 26(a)(2). |
| | | Omega Flex cannot specifically state further objections because Plaintiff did not specifically identify the exhibit(s) it is proposing. Omega Flex expressly preserves all objections to all non-stricken Plaintiff's Exhibits if Plaintiff properly identifies them. |
| 12 | Inventory of personal property damaged/destroyed in the fire | Omega Flex objects as this proposed exhibit was improperly disclosed pursuant to Fed. R. Civ. P. 26(a)(3)(A)(iii), the Court's Scheduling Order, and LCv.R 43.1. |
| | | Omega Flex objects to lack of foundation pursuant to Fed. R. Evid. 901 and as inadmissible hearsay pursuant to Fed. R. Evid. 801. |
| | | Omega Flex objects to the extent this exhibit relates to putative testimony that is beyond the scope of any disclosed, admissible expert opinions pursuant to Fed. R. Civ. P. 26(a)(2). |
| | | Omega Flex cannot specifically state further objections because Plaintiff did not specifically identify the exhibit(s) it is proposing. Omega Flex expressly preserves all objections to all non-stricken Plaintiff's Exhibits if Plaintiff properly identifies them. |

| 13 | Invoices for rebuilding the property | Omega Flex objects as this proposed exhibit was improperly disclosed pursuant to Fed. R. Civ. P. 26(a)(3)(A)(iii), the Court's Scheduling Order, and LCv.R 43.1.<br><br>Omega Flex objects to lack of foundation pursuant to Fed. R. Evid. 901 and as inadmissible hearsay pursuant to Fed. R. Evid. 802.<br><br>Omega Flex objects to the extent this exhibit relates to putative testimony that is beyond the scope of any disclosed, admissible expert opinions pursuant to Fed. R. Civ. P. 26(a)(2).<br><br>Omega Flex cannot specifically state further objections because Plaintiff did not specifically identify the exhibit(s) it is proposing. Omega Flex expressly preserves all objections to all non-stricken Plaintiff's Exhibits if Plaintiff properly identifies them. |
| 14 | Invoices for landscaping | Omega Flex objects as this proposed exhibit was improperly disclosed pursuant to Fed. R. Civ. P. 26(a)(3)(A)(iii), the Court's Scheduling Order, and LCv.R 43.1.<br><br>Omega Flex objects to lack of foundation pursuant to Fed. R. Evid. 901 and as inadmissible hearsay pursuant to Fed. R. Evid. 802.<br><br>Omega Flex objects to the extent this exhibit relates to putative testimony that is beyond the scope of any disclosed, admissible expert opinions pursuant to Fed. R. Civ. P. 26(a)(2).<br><br>Omega Flex cannot specifically state further objections because Plaintiff did not specifically identify the exhibit(s) it is proposing. Omega Flex expressly preserves all objections to all non-stricken Plaintiff's Exhibits if Plaintiff properly identifies them. |
| 15 | Receipts for additional living expense | Omega Flex objects as this proposed exhibit was improperly disclosed pursuant to Fed. R. Civ. P. 26(a)(3)(A)(iii), the Court's Scheduling Order, and LCv.R 43.1. |

| | | |
|---|---|---|
| | | Omega Flex objects to lack of foundation pursuant to Fed. R. Evid. 901 and as inadmissible hearsay pursuant to Fed. R. Evid. 802.<br><br>Omega Flex cannot specifically state further objections because Plaintiff did not specifically identify the exhibit(s) it is proposing. Omega Flex expressly preserves all objections to all non-stricken Plaintiff's Exhibits if Plaintiff properly identifies them. |
| 16 | Copies of checks issued in payment of the claim | Omega Flex objects as this proposed exhibit was improperly disclosed pursuant to Fed. R. Civ. P. 26(a)(3)(A)(iii), the Court's Scheduling Order, and LCv.R 43.1.<br><br>Omega Flex objects to lack of foundation pursuant to Fed. R. Evid. 901 and as inadmissible hearsay pursuant to Fed. R. Evid. 802.<br><br>Omega Flex objects to the extent this exhibit relates to putative testimony that is beyond the scope of any disclosed, admissible expert opinions pursuant to Fed. R. Civ. P. 26(a)(2).<br><br>Omega Flex cannot specifically state further objections because Plaintiff did not specifically identify the exhibit(s) it is proposing. Omega Flex expressly preserves all objections to all non-stricken Plaintiff's Exhibits if Plaintiff properly identifies them. |
| 17 | Exhibits to depositions | Omega Flex objects as this proposed exhibit was improperly disclosed pursuant to Fed. R. Civ. P. 26(a)(3)(A)(iii), the Court's Scheduling Order, and LCv.R 43.1.<br><br>Omega Flex objects to lack of foundation pursuant to Fed. R. Civ. P. 901 and as inadmissible hearsay pursuant to Fed. R. Evid. 801.<br><br>Without further identification, Omega Flex objects to the admissibility of this exhibit pursuant to Fed. R. Evid. 402 and 403.<br><br>Omega Flex objects to the extent this exhibit relates to putative testimony that is beyond the scope of any |

| | | disclosed, admissible expert opinions pursuant to Fed. R. Civ. P. 26(a)(2). Omega Flex cannot specifically state further objections because Plaintiff did not specifically identify the exhibit(s) it is proposing. Omega Flex expressly preserves all objections to all non-stricken Plaintiff's Exhibits if Plaintiff properly identifies them. |
|---|---|---|
| 18 | Documents produced by other manufacturers of CSST | Omega Flex objects as this proposed exhibit was improperly disclosed pursuant to Fed. R. Civ. P. 26(a)(3)(A)(iii), the Court's Scheduling Order, and LCv.R 43.1. The Letter's comment is "No exhibit." If Plaintiff is withdrawing this Exhibit then it should say so clearly or remove it from its formal list. If this means something else, then all objections herein apply.* Omega Flex objects to lack of foundation pursuant to Fed. R. Civ. P. 901 and as inadmissible hearsay pursuant to Fed. R. Evid. 802. Omega Flex objects to the admissibility of these documents pursuant to Fed. R. Evid. 402 and 403. Omega Flex objects to the extent this exhibit relates to putative testimony that is beyond the scope of any disclosed, admissible expert opinions pursuant to Fed. R. Civ. P. 26(a)(2). Omega Flex cannot specifically state further objections because Plaintiff did not specifically identify the exhibit(s) it is proposing. Omega Flex expressly preserves all objections to all non-stricken Plaintiff's Exhibits if Plaintiff properly identifies them. |
| 19 | Exemplar of Schedule 40 Black Pipe | Omega Flex objects as this proposed exhibit was improperly disclosed pursuant to Fed. R. Civ. P. 26(a)(3)(A)(iii), the Court's Scheduling Order, and LCv.R 43.1. Omega Flex objects that the Letter's comment "2' section" is inadequate to identify the Exhibit, including whether or not it was produced.* |

| | | |
|---|---|---|
| | | Omega Flex objects as the disclosure fails to comply with both LCvR43.1 and Federal Rule of Civil Procedure 26.<br><br>Omega Flex objects to lack of foundation pursuant to Fed. R. Civ. P. 901.<br><br>Omega Flex also objects to the extent this exhibit relates to putative testimony that is beyond the scope of any disclosed, admissible expert opinions pursuant to Fed. R. Civ. P. 26(a)(2).<br><br>Omega Flex cannot specifically state further objections because Plaintiff did not specifically identify the exhibit(s) it is proposing. Omega Flex expressly preserves all objections to all non-stricken Plaintiff's Exhibits if Plaintiff properly identifies them. |
| 20 | StrikeNet Report | Omega Flex objects as this proposed exhibit was improperly disclosed pursuant to Fed. R. Civ. P. 26(a)(3)(A)(iii), the Court's Scheduling Order, and LCv.R 43.1. |
| 21 | Fire Department Report | Omega Flex objects as this proposed exhibit was improperly disclosed pursuant to Fed. R. Civ. P. 26(a)(3)(A)(iii), the Court's Scheduling Order, and LCv.R 43.1. |
| 22 | Exemplar bonding wire and bonding clamp | Omega Flex objects as this proposed exhibit was improperly disclosed pursuant to Fed. R. Civ. P. 26(a)(3)(A)(iii), the Court's Scheduling Order, and LCv.R 43.1.<br><br>Omega Flex objects that the Letter's comment "Bonding and clamp for 1" tract pipe" is inadequate to identify the Exhibit, including whether or not it was produced.*<br><br>Omega Flex objects to lack of foundation pursuant to Fed. R. Civ. P. 901.<br><br>Omega Flex objects to the extent this exhibit relates to putative testimony that is beyond the scope of any disclosed, admissible expert opinions pursuant to Fed. R. Civ. P. 26(a)(2). |

| | | Omega Flex cannot specifically state further objections because Plaintiff did not specifically identify the exhibit(s) it is proposing. Omega Flex expressly preserves all objections to all non-stricken Plaintiff's Exhibits if Plaintiff properly identifies them. |
|---|---|---|
| 23 | Omega Flex's Responses to Production Requests | Omega Flex objects as this proposed exhibit was improperly disclosed pursuant to Fed. R. Civ. P. 26(a)(3)(A)(iii), the Court's Scheduling Order, and LCv.R 43.1.<br><br>Without further identification, Omega Flex objects to the admissibility of these documents pursuant to Fed. R. Evid. 402 and 403.<br><br>Omega Flex cannot specifically state further objections because Plaintiff did not specifically identify the exhibit(s) it is proposing. Omega Flex expressly preserves all objections to all non-stricken Plaintiff's Exhibits if Plaintiff properly identifies them.<br><br>Omega Flex further relies on the objections contained in its responses to the Requests for Production. |
| 24 | Omega Flex's Answers to Interrogatories | Omega Flex objects as this proposed exhibit was improperly disclosed pursuant to Fed. R. Civ. P. 26(a)(3)(A)(iii), the Court's Scheduling Order, and LCv.R 43.1.<br><br>Omega Flex objects as the disclosure fails to comply with both LCvR43.1 and Federal Rule of Civil Procedure 26.<br><br>Without further identification, Omega Flex objects to the admissibility of these documents pursuant to Fed. R. Evid. 402 and 403.<br><br>Omega Flex cannot specifically state further objections because Plaintiff did not specifically identify the exhibit(s) it is proposing. Omega Flex expressly preserves all objections to all non-stricken Plaintiff's Exhibits if Plaintiff properly identifies them.<br><br>Omega Flex further relies on the objections contained in its answers to Interrogatories. |

| 25 | Sample of #6AWG copper wire | Omega Flex objects as this proposed exhibit was improperly disclosed pursuant to Fed. R. Civ. P. 26(a)(3)(A)(iii), the Court's Scheduling Order, and LCv.R 43.1.<br><br>Omega Flex objects to lack of foundation pursuant to Fed. R. Evid. 901.<br><br>Omega Flex objects to the admissibility of this exhibit pursuant to Fed. R. Evid. 402 and 403.<br><br>Omega Flex also objects to the extent this exhibit relates to putative testimony that is beyond the scope of any disclosed, admissible expert opinions purusaunt to Fed.R. Civ. P. 26(a)(2).<br><br>Omega Flex objects to the extent this sample has not previously been produced.<br><br>Omega Flex cannot specifically state further objections because Plaintiff did not specifically identify the exhibit(s) it is proposing. Omega Flex expressly preserves all objections to all non-stricken Plaintiff's Exhibits if Plaintiff properly identifies them. |
| --- | --- | --- |
| 26 | NFPA 780 | Omega Flex objects as this proposed exhibit was improperly disclosed pursuant to Fed. R. Civ. P. 26(a)(3)(A)(iii), the Court's Scheduling Order, and LCv.R 43.1.<br><br>The Letter's comment is "No exhibit." If Plaintiff is withdrawing this Exhibit then it should say so clearly or remove it from its formal list. If this means something else, then all objections herein apply.*<br><br>Omega Flex objects to this exhibit pursuant to Fed. R. Evid. 901 and to the introduction of this exhibit because it is inadmissible hearsay pursuant to Fed. R. Evid. 802 and 803 (18).<br><br>Omega Flex objects to the extent this exhibit relates to putative testimony that is beyond the scope of any disclosed, admissible expert opinions pursuant to Fed. R. Civ. P. 26(a)(2). |

| | | |
|---|---|---|
| | | Omega Flex cannot properly raise any further objection as Omega Flex is not aware of which specific section or year of NFPA 780 is being proposed as an exhibit. Omega Flex expressly preserves all objections to all non-stricken Plaintiff's Exhibits if Plaintiff properly identifies them. |
| 27 | ANSI LC-1 Tag Meeting Minutes | Omega Flex objects as this proposed exhibit was improperly disclosed pursuant to Fed. R. Civ. P. 26(a)(3)(A)(iii), the Court's Scheduling Order, and LCv.R 43.1.<br><br>Omega Flex objects to this exhibit pursuant to Fed. R. Evid. 901 and because it is inadmissible hearsay pursuant to Fed. R. Evid. 802.<br><br>Omega Flex objects to the admissibility of these documents pursuant to Fed. R. Evid. 402 and 403.<br><br>Omega Flex objects to the extent this exhibit relates to putative testimony that is beyond the scope of any disclosed, admissible expert opinions pursuant to Fed. R. Civ. P. 26(a)(2).<br><br>Omega Flex further objects to the extent that these proposed minutes were not previously produced<br><br>Omega Flex cannot specifically state further objections because Plaintiff did not specifically identify the exhibit(s) it is proposing. Omega Flex expressly preserves all objections to all non-stricken Plaintiff's Exhibits if Plaintiff properly identifies them. |
| 28 | Video of exemplar flame plume | Omega Flex objects as this proposed exhibit was untimely disclosed.<br><br>Omega Flex objects to this exhibit pursuant to Fed. R. Evid. 901 and because it is inadmissible hearsay pursuant to Fed. R. Evid. 802.<br><br>Omega Flex objects to the admissibility of this video pursuant to Fed. R. Evid. 402 and 403.<br><br>Omega Flex objects to the extent this exhibit relates to putative testimony that is beyond the scope of any |

15

| | | |
|---|---|---|
| | | disclosed, admissible expert opinions pursuant to Fed. R. Civ. P. 26(a)(2).<br><br>Omega Flex further objects to the extent that this proposed video was not previously produced or identified.<br><br>Omega Flex cannot specifically state further objections because Plaintiff did not specifically identify the exhibit(s) it is proposing. Omega Flex expressly preserves all objections to all non-stricken Plaintiff's Exhibits if Plaintiff properly identifies them. |
| 29 | Records of other fires investigated by Smith & Associates on behalf of Omega Flex | Omega Flex objects as this proposed exhibit was improperly disclosed pursuant to Fed. R. Civ. P. 26(a)(3)(A)(iii), the Court's Scheduling Order, and LCv.R 43.1.<br><br>Omega Flex objects to this exhibit pursuant to Fed. R. Evid. 901 and because it is inadmissible hearsay pursuant to Fed. R. Evid. 802.<br><br>Omega Flex objects to the admissibility of these documents pursuant to Fed. R. Evid. 402 and 403.<br><br>Omega Flex objects to the extent this exhibit relates to putative testimony that is beyond the scope of any disclosed, admissible expert opinions pursuant to Fed. R. Civ. P. 26(a)(2).<br><br>Omega Flex objects to the extent these records have not previously been produced.<br><br>Omega Flex cannot specifically state further objections because Plaintiff did not specifically identify the exhibit(s) it is proposing. Omega Flex expressly preserves all objections to all non-stricken Plaintiff's Exhibits if Plaintiff properly identifies them. |
| 30 | Smith & Associates invoices to Omega Flex for the investigation of other fires | Omega Flex objects as this proposed exhibit was improperly disclosed pursuant to Fed. R. Civ. P. 26(a)(3)(A)(iii), the Court's Scheduling Order, and LCv.R 43.1. |

| | | |
|---|---|---|
| | | Omega Flex objects to this exhibit pursuant to Fed. R. Evid. 901 and because it is inadmissible hearsay pursuant to Fed. R. Evid. 802.<br><br>Omega Flex objects to the admissibility of these documents pursuant to Fed. R. Evid. 402 and 403.<br><br>Omega Flex objects to the extent this exhibit relates to putative testimony that is beyond the scope of any disclosed, admissible expert opinions pursuant to Fed. R. Civ. P. 26(a)(2).<br><br>Omega Flex cannot specifically state further objections because Plaintiff did not specifically identify the exhibit(s) it is proposing. Omega Flex expressly preserves all objections to all non-stricken Plaintiff's Exhibits if Plaintiff properly identifies them. |
| 31 | Depositions of Mark Albino | Omega Flex objects as this proposed exhibit was improperly disclosed pursuant to Fed. R. Civ. P. 26(a)(3)(A)(iii), the Court's Scheduling Order, and LCv.R 43.1.<br><br>Omega Flex objects to this exhibit because it is inadmissible hearsay pursuant to Fed. R. Evid. 802 and without first establishing a proper foundation pursuant to Fed. R. Civ. P. 32.<br><br>Omega Flex objects to the admissibility of this exhibit, and any unidentified portions thereof, pursuant to Fed. R. Evid. 402 and 403.<br><br>Omega Flex further objects as the disclosure fails to comply with both LCvR43.1 and Federal Rule of Civil Procedure 26.<br><br>Omega Flex cannot specifically state further objections because Plaintiff did not specifically designate the deposition testimony at issue. Omega Flex expressly preserves all objections to all non-stricken Plaintiff's Exhibits if Plaintiff properly identifies them. |

| 32 | Depositions of Keven Hoben | Omega Flex objects as this proposed exhibit was improperly disclosed pursuant to Fed. R. Civ. P. 26(a)(3)(A)(iii), the Court's Scheduling Order, and LCv.R 43.1.<br><br>Omega Flex objects to this exhibit because it is inadmissible hearsay pursuant to Fed. R. Evid. 802 and without first establishing a proper foundation pursuant to Fed. R. Civ. P. 32.<br><br>Omega Flex objects to the admissibility of this exhibit, and any unidentified portions thereof, pursuant to Fed. R. Evid. 402 and 403.<br><br>Omega Flex cannot specifically state further objections because Plaintiff did not specifically designate the deposition testimony at issue.  Omega Flex expressly preserves all objections to all non-stricken Plaintiff's Exhibits if Plaintiff properly identifies them. |
| 33 | Depositions of William Rich | Omega Flex objects as this proposed exhibit was improperly disclosed pursuant to Fed. R. Civ. P. 26(a)(3)(A)(iii), the Court's Scheduling Order, and LCv.R 43.1.<br><br>Omega Flex objects to this exhibit because it is inadmissible hearsay pursuant to Fed. R. Evid. 802 and without first establishing a proper foundation pursuant to Fed. R. Civ. P. 32.<br><br>Omega Flex objects to the admissibility of this exhibit, and any unidentified portions thereof, pursuant to Fed. R. Evid. 402 and 40.<br><br>Omega Flex cannot specifically state further objections because Plaintiff did not specifically designate the deposition testimony at issue. Omega Flex expressly preserves all objections to all non-stricken Plaintiff's Exhibits if Plaintiff properly identifies them. |
| 34 | Depositions of Robert Torbin | Omega Flex objects as this proposed exhibit was improperly disclosed pursuant to Fed. R. Civ. P. 26(a)(3)(A)(iii), the Court's Scheduling Order, and LCv.R 43.1. |

| | | |
|---|---|---|
| | | Omega Flex objects to this exhibit because it is inadmissible hearsay pursuant to Fed. R. Evid. 802 and without first establishing a proper foundation pursuant to Fed. R. Civ. P. 32.<br><br>Omega Flex objects to the admissibility of this exhibit, and any unidentified portions thereof, pursuant to Fed. R. Evid. 402 and 403.<br><br>Omega Flex cannot specifically state further objections because Plaintiff did not specifically designate the deposition testimony at issue. Omega Flex expressly preserves all objections to all non-stricken Plaintiff's Exhibits if Plaintiff properly identifies them. |
| 35 | Depositions of Steven Treichel | Omega Flex objects as this proposed exhibit was improperly disclosed pursuant to Fed. R. Civ. P. 26(a)(3)(A)(iii), the Court's Scheduling Order, and LCv.R 43.1.<br><br>Omega Flex objects to this exhibit because it is inadmissible hearsay pursuant to Fed. R. Evid. 802 and without first establishing a proper foundation pursuant to Fed. R. Civ. P. 32.<br><br>Omega Flex objects to the admissibility of this exhibit, and any unidentified portions thereof, pursuant to Fed. R. Evid. 402 and 403.<br><br>Omega Flex cannot specifically state further objections because Plaintiff did not specifically designate the deposition testimony at issue. Omega Flex expressly preserves all objections to all non-stricken Plaintiff's Exhibits if Plaintiff properly identifies them. |
| 36 | Depositions of Arthur Weirauch | Omega Flex objects as this proposed exhibit was improperly disclosed pursuant to Fed. R. Civ. P. 26(a)(3)(A)(iii), the Court's Scheduling Order, and LCv.R 43.1.<br><br>Omega Flex objects to this exhibit because it is inadmissible hearsay pursuant to Fed. R. Evid. 802.<br><br>Omega Flex objects to this exhibit because it is inadmissible hearsay pursuant to Fed. R. Evid. 802 and |

| | | |
|---|---|---|
| | | without first establishing a proper foundation pursuant to Fed. R. Civ. P. 32.

Omega Flex cannot specifically state further objections because Plaintiff did not specifically designate the deposition testimony at issue. Omega Flex expressly preserves all objections to all non-stricken Plaintiff's Exhibits if Plaintiff properly identifies them. |
| 37 | October 1999 D & I Guide | |
| 38 | Documents produced by Curtis Ozment | Omega Flex objects as this proposed exhibit was improperly disclosed pursuant to Fed. R. Civ. P. 26(a)(3)(A)(iii), the Court's Scheduling Order, and LCv.R 43.1.

Omega Flex objects to the admissibility of this exhibit, and any unidentified portions thereof, pursuant to Fed. R. Evid. 402 and 403.

Omega Flex objects to the extent this exhibit relates to putative testimony that is beyond the scope of any disclosed, admissible expert opinions pursuant to Fed. R. Civ. P. 26(a)(2).

Omega Flex cannot specifically state further objections because Plaintiff did not specifically designate the deposition testimony at issue. Omega Flex expressly preserves all objections to all non-stricken Plaintiff's Exhibits if Plaintiff properly identifies them. |
| 39 | Documents produced by Kelly Colwell | Omega Flex objects as this proposed exhibit was improperly disclosed pursuant to Fed. R. Civ. P. 26(a)(3)(A)(iii), the Court's Scheduling Order, and LCv.R 43.1.

Omega Flex objects to the admissibility of this exhibit, and any unidentified portions thereof, pursuant to Fed. R. Evid. 402 and 403.

Omega Flex objects to the extent this exhibit relates to putative testimony that is beyond the scope of any disclosed, admissible expert opinions pursuant to Fed. R. Civ. P. 26(a)(2). |

| | | Omega Flex cannot specifically state further objections because Plaintiff did not specifically identify the exhibit(s) it is proposing. Omega Flex expressly preserves all objections to all non-stricken Plaintiff's Exhibits if Plaintiff properly identifies them. |
|---|---|---|
| 40 | Documents produced by Mark Hergenrether | Omega Flex objects as this proposed exhibit was improperly disclosed pursuant to Fed. R. Civ. P. 26(a)(3)(A)(iii), the Court's Scheduling Order, and LCv.R 43.1.<br><br>Omega Flex objects to the admissibility of this exhibit, and any unidentified portions thereof, pursuant to Fed. R. Evid. 402 and 403.<br><br>Omega Flex objects to the extent this exhibit relates to putative testimony that is beyond the scope of any disclosed, admissible expert opinions pursuant to Fed. R. Civ. P. 26(a)(2).<br><br>Omega Flex cannot specifically state further objections because Plaintiff did not specifically identify the exhibit(s) it is proposing. Omega Flex expressly preserves all objections to all non-stricken Plaintiff's Exhibits if Plaintiff properly identifies them. |
| 41 | Documents produced by Elizabeth Buc | Omega Flex objects as this proposed exhibit was improperly disclosed pursuant to Fed. R. Civ. P. 26(a)(3)(A)(iii), the Court's Scheduling Order, and LCv.R 43.1.<br><br>Omega Flex objects to the admissibility of this exhibit, and any unidentified portions thereof, pursuant to Fed. R. Evid. 402 and 403.<br><br>Omega Flex objects to the extent this exhibit relates to putative testimony that is beyond the scope of any disclosed, admissible expert opinions pursuant to Fed. R. Civ. P. 26(a)(2).<br><br>Omega Flex cannot specifically state further objections because Plaintiff did not specifically identify the exhibit(s) it is proposing. Omega Flex expressly preserves all objections to all non-stricken Plaintiff's Exhibits if Plaintiff properly identifies them. |

| 42 | Exhibits listed by Defendant, not objected to by Plaintiff | Omega Flex preserves all objections to the admissibility of any document Plaintiff may attempt to use and/or introduce into evidence at trial.  Omega Flex's Exhibit List is not a concession that Plaintiff can use and or admit any document listed therein. |
| 43 | Documents identified during discovery | Omega Flex objects as this proposed exhibit was improperly disclosed pursuant to Fed. R. Civ. P. 26(a)(3)(A)(iii), the Court's Scheduling Order, and LCv.R 43.1.<br><br>Omega Flex objects to lack of foundation pursuant to Fed. R. Civ. P. 901.<br><br>Omega Flex objects to the admissibility of this exhibit, and any unidentified portions thereof, pursuant to Fed. R. Evid. 402 and 403.<br><br>Omega Flex objects to the extent this exhibit relates to putative testimony that is beyond the scope of any disclosed, admissible expert opinions pursuant to Fed. R. Civ. P. 26(a)(2).<br><br>Omega Flex cannot specifically state further objections because Plaintiff did not specifically identify the exhibit(s) it is proposing. Omega Flex expressly preserves all objections to all non-stricken Plaintiff's Exhibits if Plaintiff properly identifies them. |

Dated:  June 30, 2023    Respectfully submitted,

THE DEFENDANT,
OMEGA FLEX, INC.

By: */s/ Adam M. Masin*
  Adam M. Masin
  GORDON & REES LLP
  95 Glastonbury Blvd., Suite 206
  Glastonbury, CT 06033
  (860) 494-7542
  (860) 560-0185 (fax)
  Email: amasin@grsm.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2023, a copy of the foregoing document was filed electronically with the Clerk of the Court using the Court's CM/ECF electronic filing system, which will send an electronic copy of this filing to all counsel of record.

*Via Eservice*
W.R. Cathcart, Esq.
Cathcart & Dooley
2807 Classen Boulevard
Oklahoma City, Oklahoma 73106
Phone: 405-524-1110
Fax: 405-524-4143
bcathcart@cathcartdooley.com

*Counsel for Plaintiff, Oklahoma Farm Bureau Mutual Insurance Company as Subrogee, of Michael Diel*

By: */s/ Adam M. Masin*
       Adam M. Masin