IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| OKLAHOMA FARM BUREAU MUTUAL INSURANCE COMPANY, AS SUBROGEE OF MICHAEL DIEL,<br><br>    Plaintiff,<br><br>v.<br><br>OMEGA FLEX, INC.,<br><br>    Defendant. | Case No. CIV-22-18-D |

# **ORDER**

Before the Court are two motions: (1) Defendant's Motion Requesting an Order Striking Plaintiff's Final Exhibit and Witness List [Doc. No. 26] (the "Motion to Strike"); and (2) Plaintiff's Motion for Leave to Amend Final Exhibit List and Witness List [Doc. No. 43] (the "Motion to Amend"). Plaintiff responded to Defendant's motion [Doc. No. 42], and Defendant responded to Plaintiff's motion [Doc. No. 49]. The motions are fully briefed and, because they are related, the Court takes them up together.

## *Background*

On July 11, 2020, lightning struck the home of Michael and Sondra Diel, and an attic fire ensued. The Diels filed an insurance claim, and their insurance company, Oklahoma Farm Bureau Mutual Insurance Company, covered the loss and paid for the Diels to build a new home. Subsequently, Oklahoma Farm Bureau Mutual Insurance Company, as subrogee of Michael Diel, filed this lawsuit against Omega Flex. This case involves a dispute over whether one of Defendant's products—TracPipe Corrugated

Stainless Steel Tubing—was defectively designed and caused the attic fire in the Diels' home.

On April 2, 2023, the Court entered an Amended Scheduling Order [Doc. No. 23], which required Plaintiff to file its final witness and exhibit lists by June 17, 2023. Plaintiff filed its final witness and exhibit lists on June 20, 2023.[1] On June 30, 2023, Defendant filed its Motion to Strike, to which Plaintiff responded on July 21, 2023. Relatedly, Plaintiff filed its Motion to Amend on July 21, 2023, to which Defendant responded on August 4, 2023.

## *Discussion*

**I.   Plaintiff's witness and exhibit lists fail to comply with Rule 26 and the Court's scheduling order.**

Defendant argues that Plaintiff's witness and exhibit lists should be stricken because they fail to state those witnesses or exhibits expected to be called or used and those which may be called or used if the need arises. *See* Def.'s Mot. to Strike at 1-2. Plaintiff concedes that it failed to "state the anticipated uses of its exhibit and witnesses as required by Rule 26(a) and the Court's initial Scheduling Order." *See* Pl.'s Resp. to Mot. to Strike at 2. However, Plaintiff argues that any deficiency in its lists was "inadvertent, justified, and harmless" and can be cured through the filing of amended lists. *Id.*; *see also* Pl.'s Mot. to Amend.

The Federal Rules of Civil Procedure govern the filing of witness and exhibit lists:

> (A) *In General.* In addition to the disclosures required by Rule 26(a)(1) and (2), a party must provide to the other parties and promptly file

---

[1] June 17, 2023 was Saturday, and June 19, 2023 was Juneteenth, a federal holiday. Plaintiff's filings were, therefore, timely.

2

>> the following information about the evidence that it may present at trial other than solely for impeachment:
>
>> (i) the name and, if not previously provided, the address and telephone number of each witness—separately identifying those the party expects to present and those it may call if the need arises;
>
>> (ii) the designation of those witnesses whose testimony the party expects to present by deposition and, if not taken stenographically, a transcript of the pertinent parts of the deposition; and
>
>> (iii) an identification of each document or other exhibit, including summaries of other evidence—separately identifying those items the party expects to offer and those it may offer if the need arises.

FED. R. CIV. P. 26(a)(3)(A). The Court's scheduling order likewise includes a requirement that each party's witness and exhibit lists "separately state those expected to be called or used and those which may be called or used if the need arises." *See* Scheduling Order [Doc. No. 13] at 1.

Plaintiff admits that it failed to state those witnesses and exhibits expected to be called or used and those which may be called or used if the need arises. Plaintiff's witness and exhibit lists are, therefore, deficient under FED. R. CIV. P. 26(a)(3)(A)(i) and (ii), as well as the Court's scheduling order.

II. **Plaintiff's witness list is sufficiently descriptive, but its exhibit list, in many instances, is not.**

Defendant argues that Plaintiff's witness and exhibit lists do not contain the level of detail required by FED. R. CIV. P. 26, which leaves Defendant unable to readily identify numerous exhibits and unable to prepare to question numerous witnesses. *See* Def.'s Mot.

3

to Strike at 5-7, 8-9. Plaintiff contends that the "exhibits and witnesses listed by [Plaintiff] are sufficiently descriptive." Pl.'s Resp. to Mot. to Strike at 2.

Numerous of Plaintiff's exhibit descriptions are inadequate. For example, exhibits 1-7 are "[p]hotographs taken by" various individuals. See Pl.'s Resp., Ex. 1 [Doc. No 42-1]. The entries do not provide a bates number, date the photographs were taken, or any other way for Defendant to discern what specific documents Plaintiff is referencing. Similarly, exhibit 8 is "[a]rtifacts taken from the fire scene." *Id.* There is no way for Defendant to know what artifacts Plaintiff is referencing. The Court need not walk Plaintiff through its list, but the same is true of myriad other exhibits.

A simple reference to a bates number, where possible, would in many instances allow Defendant to identify what specific document, or group of documents, Plaintiff refers to. Indeed, in their letter to defense counsel, Plaintiff's counsel identifies exhibits 4-6 by bates number. See Def.'s Mot., Ex. 3 [Doc. No. 26-3] at 1. This practice is commonplace and will further allow the parties to easily access and identify documents at trial. To the extent a bates number reference is not possible, Plaintiff should include as much information as reasonably possible—such as dates photographs were taken—to allow Defendant to readily identify each exhibit.

Aside from the deficiency discussed above regarding Plaintiff's failure to include which witnesses Plaintiff expects to call and those it may call if the need arises, the Court does not find that Plaintiff's witness list is insufficiently vague.

4

**III.     Sanctions are unwarranted at this time.**

Defendant argues in the Motion to Strike that, due to the above-described deficiencies in Plaintiff's witness and exhibit lists, the Court should strike Plaintiff's lists and limit Plaintiff to using, or calling, only those exhibits and witnesses that Defendant claims were adequately disclosed. *See* Def.'s Mot. to Strike at 7, 9. Plaintiff argues that any prejudice to Defendant can be cured through amended witness and exhibit lists, and that the filing of its deficient lists was not done in bad faith. *See* Pl.'s Resp. at 3-7, 9, 10-11; *see also* Pl.'s Mot. to Amend.

Striking Plaintiff's witnesses and exhibit lists without giving leave to amend is a "drastic sanction." *See Chaney v. Indus. Rubber, Inc.*, No. CIV-05-809-C, 2006 WL 8436320, at *2 (W.D. Okla. Mar. 28, 2006). The Court agrees with Plaintiff that any prejudice to Defendant can be cured through the filing of Rule 26-compliant witness and exhibit lists. Further, it does not appear that Plaintiff has acted in bad faith, though the Court does not place stock in Plaintiff's statement that its counsel "was not familiar with the specific requirement in Rule 26(a)(3) that exhibits and witnesses must be separately identified by identifying those the party expects to present at trial and those it may present if the need arises" or that the Court's scheduling order included the same requirement. Pl.'s Resp. to Mot. to Strike at 5. The Court expects counsel to be familiar, or to gain familiarity, with the Federal Rules of Civil Procedure and the Court's orders.

## *Conclusion*

For these reasons, Defendant's Motion to Strike [Doc. No. 26] is **GRANTED IN PART** and **DENIED IN PART**, and Plaintiff's Motion to Amend [Doc. No. 43] is

5

**GRANTED**. Plaintiff's Final Exhibit List [Doc. No. 24] and Final Witness List [Doc. No. 25] are **STRICKEN**. Within twenty-one (21) days of this Order, Plaintiff shall file a Rule-26 compliant witness list and exhibit list, and address the defects identified herein.

    **IT IS SO ORDERED** this 19th day of October, 2023.

*[signature]*

TIMOTHY D. DeGIUSTI
Chief United States District Judge