IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| OKLAHOMA FARM BUREAU MUTUAL INSURANCE COMPANY, AS SUBROGEE OF MICHAEL DIEL,<br><br>    Plaintiff,<br><br>v.<br><br>OMEGA FLEX, INC.,<br><br>    Defendant. | Case No. CIV-22-18-D |

# **ORDER**

Before the Court is Defendant Omega Flex, Inc.'s Motion and Memorandum of Law in Support of Sanctions Against Plaintiff due to Plaintiff's Intentional Spoliation of Evidence [Doc. No. 30]. Plaintiff Oklahoma Farm Bureau Mutual Insurance Company, as Subrogee of Michael Diel, has responded [Doc. No. 50]. The matter is fully briefed and at issue.

## *Background*

On July 11, 2020, lightning struck the home of Michael and Sondra Diel, and an attic fire ensued. The Diels filed an insurance claim, and their insurance company, Oklahoma Farm Bureau Mutual Insurance Company ("Farm Bureau"), covered the loss and paid for the Diels to build a new home. Subsequently, Farm Bureau, as subrogee of Michael Diel, filed this lawsuit against Omega Flex. This case involves a dispute over whether one of Omega Flex's products—TracPipe Corrugated Stainless Steel Tubing ("CSST")—was defectively designed and caused the attic fire in the Diels' home.

Shortly after the fire, but before Farm Bureau filed this action, Farm Bureau retained its counsel of record and fire cause and origin experts to inspect the Diels' home in connection with what was at the time a potential subrogation claim against Omega Flex. Farm Bureau's counsel informed Omega Flex's in-house counsel, Tim Scanlan, that Farm Bureau had retained counsel and that a preliminary investigation of the fire indicated that it could have been caused by Omega Flex's CSST. Farm Bureau's counsel also stated that the Diels' home was being preserved so that Omega Flex's representatives could examine the scene and participate in the conclusion of the investigation. Importantly, Farm Bureau's counsel informed Mr. Scanlan that the investigation needed to be completed in the coming weeks, because the Diels planned to demolish the home in order to rebuild.

Omega Flex retained fire cause and origin experts, and the parties conducted a joint inspection of the Diels' home on July 30, 2020. Approximately one month after the joint inspection, the Diels, as noted in Farm Bureau's counsel's communication with Mr. Scanlan, demolished their home and began construction on a new home.

## Discussion

Omega Flex argues that Farm Bureau should be sanctioned for spoliation of the Diels' home, and, as an appropriate sanction, asks the Court to cap Farm Bureau's damages at $4,500—*i.e.*, the amount Omega Flex claims was necessary to repair the attic. *See* Def.'s Mot. at 21. Omega Flex's contention is premised on the assertion that "Farm Bureau never told Omega Flex that anyone was contemplating demolishing the entire house so that a brand new home could be built." *See id.* at 2. Failing to inform Omega Flex of the impending demolition, the argument goes, did not allow Omega Flex to "determine for

itself whether ProClean's mitigation efforts were adequate, whether a tailored repair was feasible, whether any lingering health concern was reasonable, or what the costs of repair compared to the costs of a demolition and rebuild might have been." *Id.* at 3.

Farm Bureau, on the other hand, argues that Omega Flex did know that the Diels intended to demolish and rebuild their home. Pl.'s Resp. at 2. Therefore, Farm Bureau complied with its duty to preserve the scene and provide Omega Flex with the opportunity to inspect. *Id.* After the parties' joint inspection on July 30, 2020, Farm Bureau states that it "confirmed with Omega Flex that the joint exam took place as scheduled and the scene was released for repairs." *Id.* at 2-3.

The Court finds Farm Bureau's counsel's July 14, 2020 letter to Mr. Scanlan dispositive of this Motion. The letter, in relevant part, reads as follows:

> Dear Mr. Scanlan:
>
> I represent Oklahoma Farm Bureau Mutual Insurance Company (Farm Bureau). Farm Bureau is in the process of adjusting a claim for a fire loss at the home of Mike Diel at 6217 N. 114th St., Enid, Oklahoma. A preliminary investigation indicates that the fire may have been caused by a failure of OmegaFlex tracpipe which was installed in approximately 2001. *It is anticipated that the loss will exceed $300,000.*
>
> The fire scene is being preserved so that OmegaFlex representatives can have the opportunity to examine the scene and participate in the conclusion of the investigation. *The investigation must be completed during the next two weeks. At that time, the homeowner will proceed with demolition to rebuild.*
>
> Please contact me or my assistant, Renee Southerland, to coordinate scheduling of the joint inspection.

Def.'s Mot., Ex. C (emphasis added). As shown above, on July 14, 2020—two weeks before the parties' joint inspection of the Diels' home—Omega Flex knew, or should have

3

known, that the Diels planned to demolish the home and rebuild. Not only does Farm Bureau's counsel explicitly state as much, he also informs Omega Flex that the anticipated loss would exceed $300,000. A $300,000 anticipated loss amount does not lend support to Omega Flex's argument that it was in the dark about the Diels' decision to demolish the home.

Omega Flex argues throughout the Motion that it should not be held liable for costs not associated with the fire and water damage to the Diels' attic. In other words, Omega Flex argues that it should not have to compensate Farm Bureau for its policyholder-friendly decision to declare the Diels' home a total loss, when targeted repairs to the attic were all that were necessary. That very well may be, and Omega Flex is free to argue as much in its pre-trial filings and to the jury at trial. However, that is not the proper focus for a spoliation motion, which focuses on whether evidence was properly preserved.

The Court, as explained above, finds that Farm Bureau complied with its duty to preserve the Diels' home and provided Omega Flex with notice that the Diels planned to demolish the same. This is especially true considering the fact that Farm Bureau jointly set an inspection of the home, and that Omega Flex's representatives actually attended that inspection. *See Toman Eng'g Co. v. Koch Constr., Inc.*, 974 N.W.2d 680, 687 (N.D. 2022) ("The duty to preserve evidence is not unlimited, and a party may reasonably need to destroy evidence that it has a duty to preserve. Other courts have recognized that under some limited circumstances a custodial party may destroy evidence after discharging the duty to preserve by giving the opposing party notice that allows for a full and fair opportunity to inspect the evidence.") (citing cases); *see also Thiele v. Oddy's Auto and*

*Marine, Inc.*, 906 F. Supp. 158, 162–63 (W.D.N.Y. 1995) (denying a spoliation sanction requested by a defendant who had inspected the evidence before it was destroyed, while granting a spoliation sanction requested by a third-party defendant who was not afforded a similar opportunity to inspect the evidence); *Baliotis v. McNeil*, 870 F. Supp. 1285, 1290-91 (M.D. Pa. 1994) ("The scope of the duty to preserve evidence is not boundless. At a minimum, however, an opportunity for inspection should be afforded a potentially responsible party before relevant evidence is destroyed.") (internal quotation marks and citations omitted).

## *Conclusion*

For these reasons, the Court **DENIES** Defendant's Motion for Sanctions [Doc. No. 30].

**IT IS SO ORDERED** this 3rd day of November, 2023.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge