## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| OKLAHOMA FARM BUREAU ) | |
| MUTUAL INSURANCE COMPANY ) | |
| AS SUBROGEE OF MICHAEL DIEL, ) | |
| ) | |
| Plaintiff, ) | Case No. CIV-22-18-D |
| ) | |
| v. ) | |
| ) | |
| OMEGA FLEX, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant Omega Flex, Inc.'s ("Omega Flex") Motion and Opening Memorandum of Law in Support of Its Motion for Summary Judgment [Doc. No. 44]. Plaintiff Oklahoma Farm Bureau Mutual Insurance Company, as Subrogee of Michael Diel ("Farm Bureau") filed a response [Doc. No. 58], and Omega Flex replied [Doc. No 59]. The matter is fully briefed and at issue.

## BACKGROUND

On July 11, 2020, lightning struck the Enid, Oklahoma home of Michael and Sondra Diel. The positive-charged lightning strike occurred at 10:38 p.m. and had a peak current of 52.5kA. The attachment point of the lightning strike was a drip edge at the northern peak of the Diel home, which had visible evidence of damage. After the lightning strike, a fire started in the Diels' attic above the eastern end of the kitchen, below and/or by the area where the utilities bundle. The area where the utilities bundle consisted of coaxial cable,

household electrical conductors, and Omega Flex-manufactured TracPipe Corrugated Stainless Steel Tubing ("CSST").

After the fire, the Diels filed an insurance claim, and their insurance company, Farm Bureau, covered the loss and paid for the Diels to build a new home. Subsequently, Farm Bureau, as subrogee of Michael Diel, filed this lawsuit against Omega Flex. This case involves a dispute over whether Omega Flex's CSST was defectively designed and caused the attic fire in the Diels' home.

Although somewhat unclear from Farm Bureau's state-court petition, it seems the parties agree that Farm Bureau asserts only a product liability claim under Oklahoma law. Omega Flex seeks summary judgment in its favor on two grounds. First, Omega Flex argues that Farm Bureau cannot show that the CSST in the Diels' attic caused the fire. As part of its first argument, Omega Flex contends that the hole found in the CSST was not caused by lightning; the hole in the CSST did not cause the fire; and the CSST was not bonded as required by Omega Flex's installation instructions. Second, Omega Flex argues that Farm Bureau cannot show that the CSST was defective.

Shortly before Omega Flex filed the instant motion, it filed three *Daubert* motions seeking to exclude each of Farm Bureau's retained experts. *See* Omega Flex Mot. to Exclude IFE Witnesses [Doc. No. 31]; Omega Flex Mot. to Exclude Ozment [Doc. No. 33]; Omega Flex Mot. to Exclude Buc [Doc. No. 34]. On February 20, 2024, the Court denied Omega Flex's *Daubert* motions. *See* 2/20/2024 Order [Doc. No. 64]. The Court found that each of Farm Bureau's experts is qualified by knowledge, skill, experience, training, or education to render the opinions they intend to offer at trial. *Id.* at 18.

Additionally, the Court found that Farm Bureau's experts' opinions are sufficiently reliable and admissible, subject to cross-examination and contemporaneous objections by Omega Flex at trial. *Id.*

## STANDARD OF DECISION

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if the facts and evidence are such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248. All facts and reasonable inferences must be viewed in the light most favorable to the nonmovant. *Id.* at 255.

A movant bears the initial burden of demonstrating the absence of a dispute of material fact warranting summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the movant carries this burden, the nonmovant must then go beyond the pleadings and "set forth specific facts" that would be admissible in evidence and that show a genuine issue for trial. *See Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 324. "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998); *see* FED. R. CIV. P. 56(c)(1)(A). The inquiry is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

**DISCUSSION**

I.     **Genuine disputes of material fact prevent summary judgment on Farm Bureau's product liability claim.**

To prove a strict product liability claim under Oklahoma law, Farm Bureau must show: "(1) the product was the cause of the injury; (2) the defect existed in the product at the time it left the manufacturer's possession and control (if the action is against the manufacturer) or at the time of sale for public use (if the action is against the retailer or supplier); and (3) the defect made the article 'unreasonably dangerous' to plaintiff or his property, meaning dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases the product with the ordinary knowledge common to the community as to its characteristics." *Prince v. B.F. Ascher Co., Inc.*, 90 P.3d 1020, 1026 (Okla. Civ. App. 2004) (citing and quoting *Kirkland v. Gen. Motors Corp.,* 521 P.2d 1353, 1362-63 (Okla. 1974)). The Court first addresses Omega Flex's causation-based arguments.

A.     **Genuine disputes of material fact exist as to whether the CSST in the Diels' attic caused the fire.**

Omega Flex argues that Farm Bureau cannot satisfy the causation element of its strict product liability claim for three reasons: (1) the hole found in the CSST was not caused by the lightning that struck the Diels' home; (2) the hole found in the CSST did not cause the fire in the Diels' attic; and (3) a hole would not have formed in the CSST had the

4

CSST been bonded according to Omega Flex's installation instructions. *See* Omega Flex Mot. Summ. J. at 31-38.[1] The Court addresses each argument in turn.

> 1.   **A genuine dispute of material fact exists as to whether the hole found in the CSST was caused by lightning.**

Omega Flex argues that Farm Bureau "lacks any admissible evidence demonstrating that the positively charged lightning strike with a peak current of 52.5kA caused the 0.12 Coulomb sized hole in the CSST at the Diel Residence." Def.'s Mot. Summ. J. at 32. Accordingly, Omega Flex contends, Farm Bureau "does not have competent evidence demonstrating that an alleged defect in the CSST caused the fire, or their need to pay out on the [Diels'] claim." *Id.* at 33.

For the reasons set forth in the Court's order denying Omega Flex's various *Daubert* motions [Doc. No. 64], Farm Bureau's retained experts will be permitted to testify at trial regarding the opinions set forth in their Rule 26 reports. The parties' experts disagree as to whether the hole found in the CSST was caused by lightning. Therefore, in this battle-of-the-experts scenario, the jury will be given the opportunity to "evaluate what weight and credibility each expert opinion deserves." *Thompson v. State Farm Mut. Auto. Ins. Co.*, 457 F. Supp. 3d 998, 1005 (D. Colo. 2020) (quoting *OraLabs, Inc. v. Kind Grp. LLC*, No. 13-cv-00170-PAB-KLM, 2015 WL 4538444, at *5 (D. Colo. July 28, 2015)); *see also Glossip v. Chandler*, 554 F. Supp. 3d 1176, 1197 (W.D. Okla. 2021) ("But, on summary judgment, the 'approach of weighing the credibility of the competing expert reports amounts to

---

[1] All citations to the parties' filings are to the ECF file-stamped page number at the top of each page.

improper fact-finding.'") (quoting *Phillips v. Cohen*, 400 F.3d 388, 399 (6th Cir. 2005)), *vacated in part on other grounds on reconsideration*, Case No. CIV-14-0665-F, 2021 WL 4760383 (W.D. Okla. Oct. 12, 2021).

> **2.    A genuine dispute of material fact exists as to whether the hole found in the CSST caused the fire in the Diels' attic.**

Omega Flex argues that Farm Bureau "does not have competent evidence that the arcing event that caused the hole could have caused sustained ignition of the escaping propane, which would have been necessary to ignite a larger attic fire." Def.'s Mot. Summ. J. at 33-34. And Omega Flex again contends that Farm Bureau's experts did not conduct case-specific testing, nor did they conclusively rebut Omega Flex's expert's conclusions as to whether the hole caused the fire. *See id.* at 34-35.

For the reasons set forth in the Court's order denying Omega Flex's three *Daubert* motions [Doc. No. 64], Farm Bureau's retained experts will be permitted to testify at trial regarding the opinions set forth in their Rule 26 reports. The parties' experts disagree as to whether the hole found in the CSST caused the fire in the Diels' attic. Therefore, in this battle-of-the-experts scenario, the jury will be given the opportunity to "evaluate what weight and credibility each expert opinion deserves." *Thompson*, 457 F. Supp. 3d at 1005 (quoting *OraLabs, Inc.*, 2015 WL 4538444, at *5); *see also Glossip*, 554 F. Supp. 3d at 1197.

> **3.    A genuine dispute of material fact exists as to whether a hole would have formed in the CSST had it been bonded according to Omega Flex's installation instructions.**

Omega Flex argues that the CSST in the Diels' attic was not properly bonded, and the "fact that the installer failed to follow Omega Flex's installation instructions destroys the causal nexus between the alleged defect and the fire." Def.'s Mot. Summ. J. at 35. Omega Flex again takes issue with the purported lack of case-specific testing conducted by Farm Bureau's expert. *See id.* at 36. For the same reasons regarding Omega Flex's first two causation-based arguments, the Court will allow the jury to make determinations regarding the weight to be given to all expert testimony. *See Thompson*, 457 F. Supp. 3d at 1005 (quoting *OraLabs, Inc.*, 2015 WL 4538444, at *5); *see also Glossip*, 554 F. Supp. 3d at 1197.

Omega Flex also relies on a summary judgment order from the Western District of Wisconsin, in which the court granted Omega Flex's motion on the grounds that the CSST was not properly bonded in the plaintiffs' home. *See* Def.'s Mot. Summ. J. at 36-38. In that case, *Shanley, et al. v. Omega Flex, Inc.*, a lightning strike caused a fire in the plaintiffs' home. No. 19-CV-664-SLC, 2021 WL 778921, at *1 (W.D. Wis. Mar. 1, 2021). After the fire, it was determined that CSST in the plaintiffs' home had a melting hole similar to the one found in the CSST in the Diels' home. *Id.* Further, the CSST had not been installed according to Omega Flex's installation instructions, as it "had not been directly bonded to the household grounding electrode with a bonding clamp and heavy gauge bonding wire." *Id.* The court found that, because the plaintiffs could not definitively show that a fire still

would have occurred had the CSST been properly bonded, the plaintiffs' claim failed as a matter of law. *Id.* at *4.

Farm Bureau acknowledges the *Shanley* order but contends that it is "completely distinguishable from the instant case because there was no evidence in *Shanley* of a direct lightning strike as there is in the instant matter." Pl.'s Resp. at 39. Farm Bureau argues that *Shanley* is further distinguishable because "the home in *Shanley* was built in 2007, and Omega Flex's 2007 D&I Guide was applicable," while the 1999 D&I Guide applies to this case. *Id.* at 39-40. This is important, Farm Bureau contends, because the "1999 and 2001 D&I Guide applicable in the instant case [] did not contemplate the effect of lightning on CSST," while the "2007 D&I Guide did." *Id.* at 40. According to Farm Bureau, all of these factors "render *Shanley* inapplicable here." *Id.*

Upon consideration, the Court finds that a genuine dispute of material fact exists as to whether a fire still would have occurred in the Diels' attic had the CSST been bonded according to Omega Flex's installation instructions. Notably, the *Shanley* court emphasized that the plaintiffs did "not point to any simulations or studies performed by [their causation expert] in which he attempted to quantify the likelihood that grounding would prevent arcing and perforation; as his simulations showed, bonding's efficacy depended largely on the strength of the strike and its manner of entry into the home, both of which are unknowns in this case." *Shanley*, 2021 WL 778921, at *4. Here, the strength of the lightning strike and its manner of entry into the Diel home are known, and Farm Bureau points to testing by its experts that, to the extent possible, replicated known conditions at the Diel home. *See* Pl.'s Resp. at 36; *see also* IFE Report [Doc. No. 31-1] at 4. Further, Farm Bureau's

expert, Kelly Colwell, "performed bonding testing as depicted in the D&I Guide, and hole formation still resulted." *Id.*

At trial, the jury will presumably hear testimony from both parties' experts regarding whether CSST bonded according to Omega Flex's installation instructions still would have resulted in a fire in the Diels' attic. Omega Flex is free to point out the purported weaknesses in the Farm Bureau experts' opinions on cross-examination, and Farm Bureau is free to do the same while cross-examining Omega Flex's expert. *See Cincinnati Ins. Co. v. Omega Flex, Inc.*, No. 3:10–CV–00670–H, 2013 WL 1403493, at *1 (W.D. Ky. Apr. 5, 2013) ("With respect to Plaintiff's motion in limine to bar any and all reference to electrical bonding, Defendant is permitted, subject to objection, to put on countermanding evidence that bonding would have perhaps prevented the loss. Cross-examination of that theory is sufficient to address any deficiencies in testimony or opinions on bonding."). However, based on the record presented, a genuine dispute of material fact exists as to whether a fire still would have occurred in the Diels' attic had the CSST been bonded according to Omega Flex's installation instructions.

**B.    A genuine dispute of material fact exists as to whether the CSST was defective.**

The Court next addresses Omega Flex's defect-based argument. Omega Flex first invokes Okla. Stat. tit. 76, § 57.2(A), which provides:

> In a product liability action brought against a product manufacturer or seller, there is a rebuttable presumption that the product manufacturer or seller is not liable for any injury to a claimant caused by some aspect of the formulation, labeling, or design of a product if the product manufacturer or seller establishes that the formula, labeling, or design for the product complied with or exceeded mandatory safety standards or regulations

adopted, promulgated, and required by the federal government, or an agency of the federal government, that were applicable to the product at the time of manufacture and that governed the product risk that allegedly caused harm.

Omega Flex contends that Farm Bureau cannot overcome § 57.2(A)'s rebuttable presumption because it "has no proof that the governing standards were inadequate or that Omega Flex committed some sort of fraud in the approval process . . . ." Def.'s Mot. Summ. J. at 39; *see also* Okla. Stat. tit. 76, § 57.2(B) (providing that a party may rebut the presumption set forth in § 57.2(A) by establishing that the governing standards or regulations were inadequate to protect the public or that the manufacturer withheld or misrepresented information or material "relevant to the federal government's or agency's determination of adequacy of the safety standards or regulations at issue in the action"). Even without the rebuttable presumption, Omega Flex argues, Farm Bureau cannot show that the CSST was defective. *See* Def.'s Mot. Summ. J. at 39-42.

Farm Bureau, in relying primarily on its retained experts' opinions, contends that it is able to rebut the presumption set forth in § 57.2(A) because "the standards were inadequate to protect the public from unreasonable risks of injury or damage" because they "did not contemplate lightning's effect on CSST." Pl.'s Resp. at 42. Further, Farm Bureau argues that Omega Flex, "after manufacturing the CSST that was installed in the Diel home, withheld or misrepresented information or material relevant to the federal government's or agency's determination of adequacy of the safety standards or regulations at issue." *Id.* Last, Farm Bureau argues that Omega Flex failed to warn of the dangers of CSST. *Id.* at 42-43.

Upon consideration, the Court finds that Farm Bureau, through its retained experts' Rule 26 reports, presents minimally sufficient evidence to create a genuine dispute of material fact as to whether the CSST was defective. Here, as with Omega Flex's causation-based arguments, the Court is not in a position to weigh the parties' competing expert testimony. *See Thompson*, 457 F. Supp. 3d at 1005 (quoting *OraLabs, Inc.*, 2015 WL 4538444, at *5); *see also Glossip*, 554 F. Supp. 3d at 1197.

## CONCLUSION

For these reasons, Omega Flex's motion for summary judgment [Doc. No. 44] is **DENIED**.

**IT IS SO ORDERED** this 18th day of March, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge